P. Gandía & Cía., Recurrente, *v.* El Registrador de San Juan, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegando la inscripción de una escritura de hipoteca.

No. 522.—Resuelto en julio 24, 1922.

Sociedad Mercantil Nueva—Término del Contrato Social—Inscripción Previa.—De acuerdo con el artículo 221 del Código de Comercio una sociedad mercantil cuyo término ha vencido sin otorgarse en tiempo una prórroga del término social, queda desde ese vencimiento disuelta, y la que posteriormente constituyan los mismos socios en los mismos términos haciendo constar que han continuado efectuando negocios como si la extinguida tuviera

existencia legal, se considerará una sociedad nueva, a cuyo favor será nece-
saria la inscripción previa de los bienes de la anterior a que se refiere e.
artículo 20 de la Ley Hipotecaria.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. G. Ardín.*

El registrador recurrido compareció por escrito.

El Juez Asociado Sr. Franco Soto, emitió la opinión del
tribunal.

Por escritura pública de fecha 7 de febrero, 1922, otor-
gada en San Juan ante el notario Salvador Suau Carbonell,
Pedro Gandía Skerrett, en su carácter de gestor de la so-
ciedad "P. Gandía & Co.," que se formalizó y modificó res-
pectivamente en 4 de agosto de 1916 y 23 de octubre de 1917,
constituyó a favor de Baldomero Hernández y Santiago, hipo-
teca voluntaria sobre determinada finca y en garantía de
cierto préstamo adeudado por dicha razón social. Se hace
constar al final de la escritura de hipoteca que el carácter
y facultades que ostenta el hipotecante Gandía lo acredita
además con la escritura No. 6 de fecha 29 de enero, 1922,
otorgada ante el notario Gonzalo Ardín.

Presentada al registro la escritura referida acompañada
de otros documentos complementarios, el registrador denegó
su inscripción por medio de la siguiente nota:

"Denegada la inscripción del precedente documento, porque la
finca de que se trata aparece inscrita a favor de la anterior sociedad
'P. Gandía y Compañía,' constituída en escritura de 4 de agosto de
1916, y el gravamen se establece por ella existiendo la nueva del
mismo nombre constituída en 29 de enero de 1922, sin que el in-
mueble se haya inscrito a su favor, ni ésta se haya constituído en
liquidadora de aquélla no habiéndose solicitado tampoco la inscrip-
ción previa que corresponde; resultando, además, de otra escritura
de fecha 22 de diciembre de 1921 ante el notario don Julio César
González que presentada, se tiene a la vista, que antes de constituirse
de nuevo la sociedad sus tres socios actuaron en su carácter personal,
independientemente de institución social, respecto a la venta e hipo-
teca de cierta finca, lo que demuestra que la primera sociedad se
tuvo por extinguida, y que si bien existe ahora una nueva con el

capital de la anterior, los bienes inmuebles deben inscribirse por aportación a favor de la actual  \*  \*  \* ."

No conforme con la calificación contenida en dicha nota, el recurrente ha establecido el presente recurso solicitando su revocación.

Podemos resumir los términos de la anterior nota diciendo que el registrador considera que la finca objeto de este recurso está inscrita a favor de una sociedad distinta a la hipotecante, en cuyo caso se exige la inscripción previa que requiere el artículo 20 de la Ley Hipotecaria; y porque la nueva sociedad que aparece como continuadora de la anterior disuelta por el vencimiento del término no comparece como liquidadora.

La primitiva sociedad de P. Gandía y Compañía se constituyó en 4 de agosto de 1916 y se convino como duración de la misma el término de cinco años a contar del primero de agosto del mismo año. El 23 de octubre de 1917 se modificó dicha sociedad pero sin alterarse el término de duración que vencía el 31 de julio de 1921. El 29 de enero de 1922 los mismos socios, mediante escritura pública, formalizaron una nueva sociedad, en la cual, a los efectos de este recurso, se hace constar el siguiente extremo:

"Que el término por el cual fué organizada la sociedad P. Gandía y Compañía se encuentra vencido desde el treinta y uno de julio de mil novecientos veintiuno, desde cuya fecha los comparecientes han seguido efectuando operaciones mercantiles como si dicha sociedad hubiese tenido existencia legal, no habiéndose otorgado la oportuna escritura de prórroga por olvido involuntario, los comparecientes, en la imposibilidad de otorgar hoy tal prórroga, formalizan una nueva sociedad continuadora de la ya extinguida por vencimiento de su término, bajo la misma razón social y con los mismos términos y condiciones de aquélla, a saber:    \*    \*    \*    \*    \*    \*    \* ".

Como resulta del párrafo inserto, el término de la anterior sociedad P. Gandía y Compañía venció el 31 de julio

de 1921, y de este modo quedó disuelta totalmente conforme al artículo 221 del Código de Comercio, que dice:

"Art. 221.—Las compañías, de cualquiera clase que sean, se disolverán totalmente por las causas que siguen:

"1ª. El cumplimiento del término prefijado en el contrato de sociedad, o la conclusión de la empresa que constituya su objeto * ª * ."

El hecho de que al vencimiento del término social los socios continuaran las operaciones mercantiles no implicaba que podía entenderse prorrogada la sociedad por la voluntad tácita de los socios después de cumplido dicho término social.

No obstante, los recurrentes al formalizar la escritura de 29 de enero de 1922, parece que fué su propósito tratar de convalidar su situación, toda vez que la anterior sociedad había continuado sus operaciones, y así ellos creyeron que se dejaría establecida una solución de continuidad entre la nueva y anterior sociedad y considerar ambas sociedades como una misma. Pero a esto se opone terminantemente el artículo 223 del Código de Comercio que además de prohibir la prórroga de las compañías mercantiles por la voluntad tácita o presunta de los socios después que se hubiera cumplido el término por el cual fueron constituídas, dispone también: "y si los socios quieren continuar en compañía, celebrarán un nuevo contrato, sujeto a todas las formalidades prescritas para su establecimiento, según se previene en el artículo 119."

Si como prescribe dicho artículo 223, que el nuevo contrato para su constitución debe estar sujeto a todas las formalidades que previene el 119, se hace necesario *a fortiori* llegar a la conclusión que se ha constituído una nueva sociedad y por nueva se ha de entender, distinta a la anterior, porque esta última había quedado enteramente disuelta por

el vencimiento de su término, y, por tanto, tiene razón el registrador exigiendo la aplicación del artículo 20 de la Ley Hipotecaria.

Las disposiciones del Código de Comercio a que nos hemos referido son tan claras en su letra que no es necesario acudir a la jurisprudencia citada por el recurrido para su interpretación. Los casos más importantes a que alude el recurrente son los de *Rodríguez* v. *El Registrador,* 22 D. P. R. 786, y *Silva Hermanos y Co.* v. *El Registrador,* 28 D. P. R. 177. El primero solamente define la responsabilidad de los socios encargados de la gestión social que infringen los artículos 223 y 119 del Código de Comercio citados, por los contratos celebrados con personas extrañas a la compañía, pero nada se resuelve de un caso análogo al presente. Y el segundo tampoco es de aplicación al de este recurso. Allí no existía el caso de una nueva sociedad constituída después de disuelta la anterior. Se trataba de los dos y únicos socios de una sociedad disuelta que verifican la venta de una finca que había sido adquirida dos meses antes en que dicha sociedad hiciera constar sus pactos sociales en documento público, y esta corte ordenó su inscripción.

No es necesario considerar las demás razones alegadas por el registrador y por lo antes expuesto, la nota debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.